DUCKER, JUDGE:
Claimant, The City of Charleston, a West Virginia Municipal Corporation, alleges that, by virtue of the authority contained in a duly adopted ordinance of that City, it rendered fire protection service to the respondent’s buildings and property in the said City for the fiscal years July 1, 1969 to June 30, 1970, and July 1, 1970 to June 30, 1971, as well as July 1, 1971 to June 30, 1972, for which the respondent was assessed $36,231 for the first of said years, $55,098 for the second of said years, and $73,965 for the third of said years, and that the claimant has been paid only the amount of $73,965 for the said third year, and that the respondent is indebted to the claimant for the said first and second years, totaling $91,329.
The respondent has answered by saying that the whole claim is barred by laches, and as to the time prior to September 26, 1970 the claim is barred by the statute of limitations, which would mean as to second plea that the amount of $36,231 for the first fiscal year would be barred by the statute of limitations.
The facts are stipulated and are shown to be in accordance with the allegations as hereinbefore stated and are not in anywise in controversy so leaving the question of liability only one of law. The plea of laches is neither proven nor seriously contended. The one and only question for decision is whether the claim is barred by the two year statute of limitations as specified in West Virginia Code Chapter 55, Article 2, Section 12, which is in the following language:
“Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the *253 right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries . .
And whether the action is one which can be brought within five years as provided in Section 6 of the same Chapter and Article, as follows:
“Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say . . . and if it be upon any other contract, express or implied, within five years.”
In other words, is this claim one which comes within the class for which no limitation is otherwise prescribed and is for damages to property or for personal injuries, which are claims ex delicto and must be brought within two years, or is this claim one to recover money founded on an award or on any contract and must be brought within five years? If this claim is one of tort, the respondent can be held only for the amount of the first fiscal year, but if it is one on contract, claimant is entitled to the charges made for both the said first and second fiscal years.
In order for the five years statute to apply we must conclude the claim is not one in tort, but in some manner is on some soft of contract, quasi or implied. Certainly the claim is not in tort. As the ordinance levying the fee designated it as “a charge against the owners” of the property, it must be considered as an “action to recover money” as defined in the five year statute. And as the claim is one for money, the claimant has placed upon the property owner the obligation to pay the same not in the form of a fine, but in the form of a debt. When one owes a debt on account of his ownership or property, we are of the opinion that he is impliedly obligated to pay the same as debt, thus placing the matter in the class of implied contracts, and making the five year statute applicable.
We have not had cited to us, nor have we found any specifically applicable authority in point on the question presented, and consequently nothing to afford us thoughts to the contrary in the.matter..
*254 The fact that the owners of property, including the claimant, have received the protection of these services would seem to render the matter one of implied contract.
As the service rendered by the claimant was to the property of the State and not to property of the City, and such service was, therefore, for the benefit of the State as a whole, in equity and good conscience the obligation is one which should be borne by. the State as a whole, not by the City alone. Such fact in itself is, we think, justification for the allowance of this claim.
For the reasons stated above, we are of the opinion that there is here a debt imposed by a valid ordinance and that the five year statute grants the claimant the right to maintain its action and to have judgment for the full amount of its claim, and we, therefore, award the claimant the sum of $91,329.00.
Award of $91,329.00.